UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62233-Civ-SCOLA

ACCESS FOR THE DISABLED,

    Plaintiff,
vs.

WAREAGLERAIDER, LLC,

    Defendant.
_____/

## DEFAULT JUDGMENT

THIS MATTER is before the Court on the Plaintiffs' Verified Motion for Default Judgment (ECF No. 16). On January 25, 2012, the Clerk of the Court entered a Default against the Defendant Wareagleraider, LLC, pursuant to Federal Rule of Civil Procedure 55(a). (Clerk's Default, ECF No. 14.) On January 26, 2012, this Court issued an Order to Show Cause, requiring Wareagleraider to explain why a default judgment should not be entered against it for failing to respond to the complaint in this matter. (Order, ECF No. 15.) Subsequently, Donna Mallion, the Registered Agent for Wareagleraider, who is not an attorney, attempted to respond to the Complaint on behalf of Wareagleraider. (Resp. to Order, ECF No. 18; Resp. to Order, ECF No. 20; and Mot. for Continuance, ECF No. 21.) These responses were stricken because a corporate entity is not permitted to appear *pro se*, and Ms. Mallion was cautioned that her attempted representation of Wareagleraider might constitute the unlicensed practice of law. (Order, ECF No. 23.) Wareagleraider has failed to respond to the complaint, or to this Court's Order to Show Cause.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default, damages may be awarded if all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1232 n.13 (11th Cir. 2005).

Title III of the Americans with Disabilities Act of 1990 ("ADA") mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation." 42 U.S.C. § 12182(a) (2006). The ADA's definition of "discrimination" includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) (2006). The ADA further requires that "[i]n the case of violations of section[] 12182(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [law]." 42 U.S.C. § 12188(a)(2) (2006).

Based on the well-pleaded allegations in this matter, Wareagleraider is in violation of the ADA, specifically 42 U.S.C. § 12182(b)(2)(A)(iv). (*See* Compl. ¶ 18, ECF No. 1.) Given these violations, the Plaintiffs' requested injunctive relief is appropriate. The Court, however, is mindful of the sworn, but controverted, declaration of Mallion that Wareagleraider is no longer in possession of the subject premises. Accordingly, it is **ORDERED and ADJUDGED** that Plaintiffs' Verified Motion for Default Judgment (ECF No. 16) is **GRANTED**. Final Judgment is entered in favor of the Plaintiffs, Access for the Disabled, Inc., Robert Cohen and Patricia Kennedy and against Defendant, Wareagleraider, LLC in the form of injunctive relief. The Defendant has violated the Americans with Disability Act and this Court orders the Defendant to correct the following architectural barriers and violations of the ADA, so long as Defendant is still in possession or control of the subject property, as follows:

**Accessible Elements**

a) The bar counter where food and drink is served has a height exceeding 34 inches and does not provide alternate service at accessible tables within the same area in violation of Section 5.2 of the ADAAG.

b) The counters where financial transactions occur in the Facility are in excess of 36 inches in height in violation of section 7.2(1) of the ADAAG.

c) The accessible aisles in the exterior of the Facility leading to the entrance door are obstructed by chairs and lower the access route to below 36 inches in violation of Section 4.3.3 of the ADAAG.

d) When entering the Facility, in the doorway entrance there is a vertical rise in excess of 1/2 inch that does not have proper edge treatment in violation of Section 4.13.8 of the ADAAG.

e) There are thresholds throughout the facility with vertical rises in excess of ¼ inches without proper edge treatment in violation of Section 4.5.2 of the ADAAG.

f) The door leading to the accessible exit to the Facility has a door hardware which requires tight grasping and twisting of the wrist to operate in violation of Section 4.13.9 of the ADAAG.

**Restrooms**

g) Restrooms lack sufficient clear floor space to permit turns by persons using wheelchairs. See ADAAG 4.13.5 and/or 4.13.6.

h) Hand driers in the restrooms, are located outside the prescribed reach ranges set forth in 4.2.5 and 4.27.3 of the ADAAG.

i) The size and arrangement of toilet stalls is in violation of ADAAG 4.17.3 and Figure 30(a).

j) The mirrors in the bathrooms exceed the maximum height permitted by Section 4.19.6 the ADAAG.

k) There are obstacles blocking the access to toilets.

l) Faucets in the restrooms do not comply with ADAAG 4.24.7, 4.19.5 and 4.27.4 in that they require grasping and/or punching to operate.

m) There are no signs which designate disabled restroom facilities in violation of ADAAG 4.30.4, 4.30.5, and 4.30.6.

**Parking Lot**

n) The slope of the ramp leading from the disabled parking spaces to the entry of the Facility exceeds the maximum slope in violation of Sections 4.8.2 and 4.1.6(3)(a) of the ADAAG.

o) Ramps leading from the disabled parking spaces to the entry of the Facility lack edge protection in violation of Section 4.8.7 of the ADAAG.

The Defendant shall comply with the terms of this Final Judgment on or before **June 10, 2012**. The Court shall retain jurisdiction relating to the Plaintiffs' attorney's fees and costs. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, on March 8, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*
*Wareagleraider, LLC*
c/o Donna Mallion, 12680 S.W. 34th Place, Davie, FL 33330