UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62233-CIV-SCOLA/ROSENBAUM

ACCESS FOR THE DISABLED, INC., et al.,

     Plaintiffs,

v.

WAREAGLERAIDER, LLC,

     Defendant.

_____/

**ORDER**

This matter is before the Court on Plaintiffs' Verified Motion for Attorney's Fees [D.E. 29], referred to me by the Honorable Robert N. Scola, Jr. [D.E. 30]. Defendant Wareagleraider, LLC, has not responded to Plaintiff's Motion. Nor has Defendant responded to the Court's Order to Show Cause Why Plaintiff's Verified Motion for Attorney's Fees Should Not Be Granted [D.E. 31]. The Court has, nonetheless, conducted an independent review of Plaintiff's Motion and the case file and now grants in part and denies in part Plaintiffs' Verified Motion for the reasons set forth below.

## *I. Background*

Plaintiffs Access for the Disabled, Inc., Robert Cohen, and Patricia Kennedy ("Plaintiffs") filed this action against Wareagleraider, LLC ("Defendant"), for injunctive relief under the Americans with Disabilities Act, 42 U.S.C. §1281, *et seq*. ("ADA"), and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). On March 9, 2012, Judge Scola entered a default judgment against Defendant, ordering injunctive relief and reserving jurisdiction to award attorney's fees and costs. *See* D.E. 24.

Plaintiffs subsequently filed their Motion for Attorney's Fees [D.E. 29].  The Motion for

Attorney's Fees was supported by the billing records of counsel for Plaintiffs.  *See* D.E. 29-1.  When

Defendant did not timely respond to Plaintiffs' Motion for Attorney's Fees, the Court issued an

Order to Show Cause Why Plaintiff's Verified Motion for Attorney's Fees Should Not Be Granted

[D.E. 31].  The Order to Show Cause cautioned, "Failure to file a response [by May 14, 2012,] may

result in the granting of Plaintiffs' Verified Motion for Attorney's Fees [D.E. 29] by default."  *See*

D.E. 31 at 1.  Defendant did not respond.

## II.  Discussion

Under Section 12205 of the ADA, a court, in its discretion, may "allow the prevailing party,

other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . .

. ."  *Ass'n of Disabled Ams. v. Neptune Designs, Inc*., 469 F.3d 1357, 1359 (11th Cir. 2006) (quoting

42 U.S.C. § 12205).  A "prevailing party" is one that "receive[s] at least some relief on the merits

of his claim . . . ."  *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532

U.S. 598, 603-04 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (internal quotation

marks omitted)).

Plaintiffs satisfy this standard.  The Court entered injunctive relief for Plaintiffs on all ADA

violations alleged in the Complaint.  *See* D.E. 24.  Accordingly, Plaintiffs qualify as a "prevailing

party" under Section 12205.

The standards established in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978),

for determining when a court should exercise its discretion to award attorney's fees to a prevailing

party apply to ADA cases.  *Bruce v. City of Gainesville,* 177 F.3d 949, 951-52 (11th Cir. 1999).

Under *Christiansburg*, a prevailing plaintiff "should ordinarily be awarded attorney's fees in all but

special circumstances." *Id.* at 951.

After a review of the record in this matter, the Court is aware of no special circumstances that would justify a departure from the usual rule awarding attorney's fees to a prevailing ADA plaintiff. Therefore, the Court finds that Plaintiffs are entitled to an award of their reasonable attorney's fees.

### *Calculation of Attorney's Fees*

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "starting point" in this analysis requires the Court "to multiply hours reasonably expended by a reasonable hourly rate." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the Court calculates this amount—the "lodestar"—it must consider whether any adjustments are warranted based on the results obtained by counsel. *See id.* at 1302.

1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. To determine the prevailing market rate, a court should consider "several factors[,] including the attorney's customary fee; skill required to perform the legal services properly; the experience, reputation and ability of the attorney; time limitations; preclusion of other employment; contingency; undesirability of the case; nature and length of professional relationship with the client, and awards in similar cases." *Martinez v. Public Storage*, 2010 WL 2219712 (S.D. Fla. Apr. 27, 2010) (quoting *Dillard v. City of Elba*, 863 F. Supp. 1550, 1553 (M.D. Ala. 1993) (internal quotation marks omitted)).

The party seeking fees must provide "specific and detailed evidence from which the court

can determine the reasonable hourly rate." *Norman*,836 F.2d at 1303.  Nonetheless, the Court is

deemed an expert on this issue and "may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without the aid of

witnesses as to value." *Id.* (internal quotation marks omitted).

Plaintiffs seek an hourly rate of $300.00 for attorney Douglas S. Schapiro.  In support of this

request, Mr. Schapiro verifies that he has been practicing law for the past five years.  He further

reports that he has litigated approximately 100 public-accommodation cases under Title III of the

ADA, and he relies on a recent order issued in this district, awarding Mr. Schapiro attorney's fees

at an hourly rate of $300.00.  *See* D.E. 29 at 5; D.E. 29-2.  Mr. Schapiro provides no other

information regarding his hourly rate.

The Court recognizes and appreciates that Mr. Schapiro's work in this case has been of a

good quality.  It further takes into consideration the recent order awarding Mr. Schapiro an hourly

rate of $300.  But while the Court certainly respects the recent order, that order does not appear to

set forth how the court determined the reasonableness of Mr. Schapiro's hourly rate.  And, the Court

must reconcile the requested hourly rate of $300 with this district's numerous other orders suggesting

that a rate of $300 per hour for a five-year attorney in an ADA case is too high.  *See, e.g.*, *Brown v.*

*Sch. Bd. of Broward Cnty.*, 2010 WL 3282584, *3 (reducing requested hourly rate of six-year ADA

attorney from $300 to $250); *Pinero v. Michael & Sonia Cohen Rev. Liv. Trust*, 2010 WL 2927181

(S.D. Fla. June 30, 2010) (awarding hourly rate of $225 to eight-year attorney who had handled more

than 300 ADA cases); *Martinez*, 2010 WL 2219712 at *5 ("hourly rates in excess of $300.00 in an

ADA case are not warranted," no matter the experience of the attorney); *Access for the Disabled, Inc.*

*v. Hialeah Fee Commons, Ltd.*, 2011 WL 3419607 (S.D. Fla. Aug. 4, 2011) (awarding hourly rate

of $325 for 21-year attorney who litigated "hundreds of ADA Title III cases" and reducing requested hourly rate of $325 to $250 for sixteen-year attorney); *Access for the Disabled, Inc. v. FFH, Inc.*, 2010 WL 1713247 (S.D. Fla. Apr. 7, 2010) (awarding hourly rate of $325 to fifteen-year attorney); *Fox v. The Marquis Corp.*, 2010 WL 1010871 (S.D. Fla. Mar. 15, 2010) (reducing requested hourly rate of $375 to $325 for fifteen-year attorney who handled more than 150 ADA cases and received awards for his work and reducing requested hourly rate of $325 to $295 for eight-year attorney who litigated more than 120 ADA cases); *Brother v. BFP Invs., Ltd.*, 2010 WL 2978080 (S.D. Fla. July 26, 2010) (awarding hourly rate of $425 to 24-year attorney who had litigated more than 400 ADA cases, including several class actions).

After consideration of other recent cases in this district, the Court concludes that, currently, an award at a rate of $300 per hour for a five-year attorney in a single-plaintiff ADA public-accommodations case — even where that attorney has previously handled approximately 100 ADA public-accommodations cases — is just not supported by prevailing market rates.  In the absence of any evidence from Mr. Schapiro that would remove Mr. Schapiro's qualifications from the heartland of attorney's fees awards in ADA cases in this district, $250 per hour is a reasonable rate for an attorney of Mr. Schapiro's background.

2. Reasonable Number of Hours

In evaluating the number of hours reasonably expended, the Court must exclude hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434) (internal quotation marks omitted).  Such hours, the Eleventh Circuit has explained, "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Id.* (citing *Hensley*, 461 U.S. at 434) (emphasis in original).

Plaintiffs seek attorney's fees for a total of 16.3 hours.  In support, Plaintiffs provide a detailed chart that sets forth the date, task, and amount of time dedicated to each particular task performed.  *See* D.E. 29-1.  The Court has carefully reviewed each entry in this chart and compared the filings in the docket to the charges for which Plaintiffs' attorney billed.  In so doing, the Court finds the number of hours billed in this matter to be reasonable.

3.  Lodestar Adjustment

To determine the lodestar, the Court multiplies the reasonable hourly rate by the reasonable number of hours expended: $250 x 16.3, yielding a lodestar of $4,075.00.  The lodestar carries a "strong presumption" of reasonableness.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (citation and internal quotations marks omitted).  "When the hours and rate or reasonable, a downward adjustment to a lodestar is merited only if the prevailing party was partially successful in its efforts."  *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993) (citing *Hensley*, 461 U.S. at 434-36).  Similarly, upward modifications to the lodestar "are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the . . . courts."  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citation omitted).  Where a party seeks an upward adjustment, that party bears the burden of demonstrating that "such an adjustment is *necessary* to the determination of a reasonable fee."  *City of Burlington*, 505 U.S. at 562 (quoting *Blum v. Stenson*, 465 U.S. 886, 898 (1984) (emphasis added by *City of Burlington* Court)).

Here, the Court finds that no adjustment of the lodestar is warranted.  First, Plaintiffs achieved complete success on their claim, so no downward adjustment is appropriate.  Second, Plaintiffs have not sought to persuade the Court that an upward adjustment should be made, and the

Court is not independently aware of any specific evidence suggesting that this matter presents a

"rare" or "exceptional" case that would justify an upward adjustment of the lodestar.

### III. CONCLUSION

For the foregoing reasons, therefore, Plaintiff's Verified Motion for Attorneys' Fees [D.E.

29] is **GRANTED IN PART AND DENIED IN PART**.  The Court awards Plaintiffs **$4,075.00**

in attorney's fees based on a $250.00 hourly rate and a total of 16.3 hours.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of May 2012.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:     Hon. Robert N. Scola, Jr.
        Counsel of Record